**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PAUL L. SEXTON,**

    **Plaintiff,**

**v.**                                                           **Case No. 8:05-cv-37-T-TBM**

**JO ANNE B. BARNHART,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
                                      /

**O R D E R**

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits and Supplemental Security Income payments. For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was forty-five years of age at the time of his administrative hearing. He stands 5', 5" tall and weighed 213 pounds up from a former 180-185 pounds. Plaintiff has an eleventh grade education. His past relevant work was as a garage foreman. Plaintiff applied for disability benefits in October 2000, alleging disability as of September 4, 2000, by reason of diverticulitis, a colostomy bag, and high blood pressure. The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff then received a *de novo* hearing before an Administrative Law Judge (hereinafter "ALJ").  In essence, Plaintiff claimed that he could no longer work at any job because he is unable to walk, stand, or sit for long periods of time and because he needs to use the bathroom frequently.  By his testimony, he overheats easily and fatigues quickly.  His left leg bends only half-way, and this impairs his ability to walk and stand.  His back hurts when he tries to walk more than a couple blocks and back.  Sitting is difficult because he wears a "binder" since having colon surgery and the placement and later removal of a colostomy bag.  He testifies that he cramps up after sitting for a while and must then recline.  He estimates that he can stand and sit for only for about 15 minutes and can lift only a half-gallon of milk for fear that he might develop a hernia at the incision site.  He can drive 20-30 miles before he has to stop and switch positions.  He also claims to have carpal tunnel in both hands with surgery scheduled soon.  He describes swelling and pain in the hands, poor grip, and cramping after using his hands for 5-10 minutes.

Plaintiff takes two blood pressure medications, and the side effects include extreme dry mouth and also swelling.  As a result, he drinks a large amount of water during the day and must use the restroom about every thirty minutes.  Plaintiff further stated that since his colon surgery, he has bowel movements two to three times a day, often without much warning, so that he must go to the restroom immediately.  His leg problem is getting worse, and he has fallen when he tried to turn too quickly.  He uses a cane when the weather changes.  He no longer wears a colostomy bag but is fearful of problems because of the way the incision healed.  He takes Amitriptyline to help him sleep at night.

Plaintiff stated that his daily activities include some walking, watching television, and reading. He spends six to seven hours a days sitting or reclining. He does some light cooking and cleaning for himself, but otherwise he relies on his roommate to take care of the housework, yard work, and grocery shopping. See Plaintiff's testimony (R. 36-59, 64).

The ALJ also took testimony from Gerald Wili, a vocational expert (hereinafter "VE"). Assuming an individual of Plaintiff's age and education who can do light and sedentary work with a sit/stand option, with no repetitious hand work, the VE opined such person could not perform Plaintiff's past jobs[1] but could perform jobs such as cashier, ticket seller, night watchman, telemarketer, or phone solicitor. However, if Plaintiff's testimony regarding the need for frequent urination and the need to recline the majority of the day were fully credited, the VE opined that Plaintiff could not perform any work. (R. 60-66).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed herein as necessary.

By his decision of June 21, 2002, the ALJ determined that Plaintiff had severe impairments related to status post resection of the colon and colostomy and carpal tunnel syndrome and was disabled from September 4, 2000, through January 22, 2003. However, the ALJ found Plaintiff's condition improved such that on and after January 23, 2002, he had the residual functional capacity to perform a limited range of light work, such as that identified by the VE including work as a cashier, ticket seller, security guard, and telemarketer. On this finding, it was determined Plaintiff was not disabled. (R. 18-25). The

---

[1] The VE described Plaintiff's past job as a garage supervisor as light skilled work, and the job of automotive mechanic as medium skilled work.

Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

### III.

The Plaintiff raises one claim on this appeal, contending that the Commissioner failed to fully and adequately develop or evaluate the vocational evidence in this matter. Plaintiff maintains that the jobs cited by the VE in response to the hypothetical question by the ALJ apparently conflict with the jobs as classified in the Dictionary of Occupational Titles (hereinafter the "DOT"). Citing Social Security Ruling (hereinafter "SSR") 00-4p, Plaintiff maintains the ALJ erred in failing to inquire into whether there was inconsistency between the

VE's testimony and the DOT and by failing to explain how the apparent conflicts were resolved.[2] The Commissioner concedes that the ALJ did not inquire about the consistency between the VE's testimony and the DOT, but she maintains that such an error is harmless because the VE's testimony was not inconsistent with the DOT and the provisions of this ruling were not even triggered.

As a factual predicate for this claim, Plaintiff compares the jobs identified by the VE with information set forth in the DOT for such jobs and urges that an inconsistency exists for each position identified by the VE. According to the DOT, the occupation of ticket seller (DOT § 211.467-030) involves the physical demands for constant reaching, handling, and fingering.[3] Regarding the position of cashier II (DOT § 211.462-010), the job requires frequent reaching, handling, and fingering and may involve the use of an adding machine or cash register. As for the job of security guard of the night watchman/gate guard type (DOT § 372.667-034), the DOT describes such work as semi-skilled work, which also requires frequent reaching and handling. Similarly, the job of telephone solicitor (DOT § 299.357-

---

[2] Among other considerations, SSR 00-4p advises that the Administration relies primarily on the DOT for information about the requirements of work in the national economy although vocational experts or specialists may also be relied upon. Occupational evidence provided by the experts "generally should be consistent with the occupational information supplied in the DOT." Id. When there is "an apparent unresolved conflict" between the expert testimony and the DOT, the ALJ must elicit an explanation for the conflict before relying on the testimony. Id. As part of the ALJ's obligation to fully develop the record, he must develop on the record whether the expert's testimony is consistent. Id. While such policy statements are binding on all components of the Social Security Administration, in this circuit, such policy statements are entitled to deference but not controlling weight. Fair v. Shalala, 37 F.3d 1466, 1469 (11th Cir. 1994).

[3] As an initial grounds for error, Plaintiff notes that the VE gave the wrong section number for the position of ticket seller. Given the VE's testimony, this error is insignificant.

014) is classified as sedentary, semi-skilled work requiring occasional reaching and handling and frequent fingering and may require recording or keyboarding of information. As to each of these type jobs, Plaintiff urges that the functional demands for reaching, handling, and fingering are "apparently incongruous" with the ALJ's limitation against repetitious hand work. Because the ALJ failed to inquire of the inconsistency, Plaintiff urges that a remand is necessary.

Initially, Plaintiff does not demonstrate that the VE's testimony was in actual conflict with the DOT. Apart from noting the exertional level and the sit/stand option, the VE did not otherwise testify on the physical demands of these jobs and the VE did not specifically address the requirements for reaching, handling, or fingering about which the Plaintiff now complains.[4] While the VE's testimony reflected a considered opinion that Plaintiff could do a specific subset of jobs within these broader classifications, the testimony was fairly limited to an opinion that the Plaintiff could perform work under the hypothetical propounded by the ALJ. Accordingly, there was no apparent conflict, which, according to SSR 00-4p, the ALJ was obliged to inquire into. See Rutherford v. Barnhart, 399 F.3d 546, 556-57 (3rd Cir. 2005).

Furthermore, when his argument is examined closely, what Plaintiff really argues is that he was unable to perform these types of jobs as described in the DOT under the residual

---

[4]Here, it is worth noting that Plaintiff had experienced counsel representing him at the hearing and thus is not blameless for any alleged deficiency in the record. As the transcript reflects, counsel made no effort to develop this issue with the VE by inquiring about any inconsistencies or by inquiring into the import of the limitation against repetitious hand work *vis- a-vis* these four types of jobs.

functional capacity assessment (hereinafter "RFC") determined by the ALJ and thus a remand is required.[5]  While a review of the available case law suggests that there are circuits where Plaintiff's argument might prevail, that does not appear to be the case in this circuit.  In the Eleventh Circuit, an ALJ is free to rely upon the VE's testimony even if it is inconsistent with the DOT; that is to say, contrary to this SSR, the testimony of a VE trumps the DOT.  See Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).  The rationale for this approach is derived from a reading of both the DOT and the regulations, which advise that the DOT is not the exclusive source of information concerning jobs.[6]  As the Jones decision reflects, before deciding on the rule in this circuit, the court considered the various approaches employed throughout the circuits, ultimately deciding to adopt the rule in the Sixth Circuit.  In reaching its conclusion, the Jones court rejected an approach adopted by the Tenth Circuit in an analogous case involving claims similar to Plaintiff's claim here.  See id. at 1224.

   Because I find that the hypothetical was clearly stated and the opinions by the VE reflect his independent consideration of the available jobs in specific settings, I can find no error requiring a remand in this case.[7]

---

[5]However, Plaintiff does not quarrel with the RFC determined by the ALJ.

[6]Even SSR 00-4p acknowledges that the DOT lists the maximum requirements of jobs as generally performed, not the range of requirements of a particular job as it is performed in specific settings.  A VE may be able to provide more specific information about jobs or occupations than the DOT.

[7]Plaintiff also argues that the use of semi-skilled jobs (security guard and telephone solicitor) reflects a failure of the ALJ to evaluate the vocational issues adequately.  Plaintiff complains that the ALJ should have addressed whether Plaintiff had transferrable skills.  Since such inquiry was not made, he urges the only work that appropriately should have been considered by the VE was work at the unskilled level.  The short answer to this objection is that in the case of the ticket seller and cashier type jobs, the VE did so limit his consideration.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 6th day of March 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

While the decision reflects that the ALJ appears to have played loosely with the facts as they relate to transferable skills, (R. 22), I agree with the Commissioner that any error here does not require a remand.